UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BIG PICTURE LOANS, LLC,**

   Appellant,

v.                                                      **No. 4:24-cv-00103-P**

**EVENTIDE CREDIT ACQUISITIONS, LLC,**

   Appellee.

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellee Eventide Credit Acquisition's Motion to Dismiss Big Picture Loans, LLC's ("BPL") Appeal of the Arbitration Order as Frivolous. ECF No. 11. For the reasons stated below, the Court **DENIES** Eventide's Motion to Dismiss.

## BACKGROUND

On September 15, 2023, the Debtor filed a Complaint for Turnover pursuant to Sections 542(a), 542(b), and 542(e) of the Bankruptcy Code against Big Picture in Adversary Proceeding No. 23-09006-mxm. The turnover claims seek to recover estate property following BPL's undisputed failure to make a payment on September 1, 2023, due by Big Picture under the terms of a Secured Promissory Note, with an outstanding principal balance of $28.65 million, and Loan and Security Agreement ("LSA") dated September 18, 2020.

On October 17, 2023, BPL filed a (i) Motion to Dismiss the Adversary Proceeding under Rule 12(b)(6), and (ii) Motion to Dismiss Adversary Proceeding in Favor of Arbitration, Alternatively, the Compel Arbitration, or to Stay or Abstain in Favor of Arbitration.

On October 31, 2023, in Case No. 23-90007-mxm11 (the "Bankruptcy Case"), BPL filed an Emergency Motion for Relief from the Automatic Stay.

On January 23, 2024, following a hearing on November 15, 2023, the Bankruptcy Court entered an order denying BPL's Motion to Dismiss or Compel Arbitration, which (i) denied BPL's motion to dismiss the Complaint, and (ii) denied BPL's motion to compel arbitration, which it viewed as premature at the motion to dismiss stage, without prejudice.

On January 23, 2024, the Bankruptcy Court also entered an order denying BPL's 362 Stay Motion, which denied BPL's request for relief from the automatic stay to commence arbitration without prejudice. Although the Rule 12(b)(6) Order and 362 Stay Order were entered without prejudice to BPL's rights to file another motion to compel arbitration, BPL filed motions for leave to pursue interlocutory appeals of the Rule 12(b)(6) Order and 362 Stay Order on February 1, 2024. This Court granted leave to appeal the Rule 12(b)(6) Order as it was unopposed. On March 15, Eventide filed a Motion to Dismiss BPL's Appeal of the Arbitration Order as Frivolous. The briefing for that Motion has been reviewed and the Motion is ripe for this Court's review.

## ANALYSIS

Under Fifth Circuit precedent, an appeal is frivolous if the result is "obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). "This standard is rarely met." *In re Green Hills Dev. Co., LLC*, 741 F.3d 651, 660 (5th Cir. 2014). Examples of frivolous appeals appear when made "in the face of clear, unambiguous, dispositive holdings of this and other appellate courts" or "advanced in the teeth of firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification." *Coghlan*, 852 F.2d at 811–12 (collecting cases).

Here, BPL is appealing the denial of their Motion to Dismiss and to Compel Arbitration on the basis that the Bankruptcy Court reached an incorrect conclusion as a mater of law in determining that Eventide's complaint was not subject to arbitration. *See* ECF No. 14 at 21. In opposition, Eventide argues that, since the Bankruptcy Court already made a finding that the turnover claims are not subject to arbitration, BPL's appeal of that decision is frivolous as the Bankruptcy Court did not abuse its discretion. *See* ECF No. 12 at 24–27. Eventide may very

well be correct that the Bankruptcy Court made the right decision and BPL loses its appeal as the Bankruptcy Court had not abused its discretion, but that is the very reason a party appeals a court's decision—to determine whether the decision was correct. As BPL correctly points out in its opposition, the notion that the Bankruptcy Court properly declined to order arbitration because they reached the correct result in interpreting the complaint, thus making any appeal of that decision "frivolous" is circular. *See* ECF No. 14 at 21. This argument could be made for any ruling out of a Bankruptcy Court: the Bankruptcy Court was correct in their finding, thus an appeal of a correct decision is frivolous. This is not what the Fifth Circuit has classified as frivolous under *Coghlan*.

## CONCLUSION

The Court does not find that the result of BPL's appeal is "obvious", or that the arguments are made "wholly without merit". Under the standard that is "rarely met" in the Fifth Circuit to classify an appeal as frivolous, there must be clear, unambiguous, dispositive holdings to the contrary." *Coghlan*, 852 F.2d at 811–12. Having found none, the Court thus **DENIES** Eventide's Motion to Dismiss (ECF No. 11).

**SO ORDERED** on this **15th day of May 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

3