UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BIG PICTURE LOANS, LLC,**

   Appellant,

v.                                     No. 4:24-cv-00103-P

**EVENTIDE CREDIT ACQUISITIONS, LLC,**

   Appellee.

## MEMORANDUM OPINION & ORDER

Before the Court is Eventide Credit Acquisitions, LLC's ("Eventide") Motion for Clarification or Partial Modification of the Stay Order. ECF No. 29. After considering the Motion, the Response filed by Big Picture Loans, LLC ("BPL"), and Eventide's Reply, as well as the relevant legal authorities, the Court finds that the Motion should be and is hereby **GRANTED**.

## BACKGROUND

On September 6, 2023, Eventide filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas. Concurrently, Eventide filed an adversary proceeding against BPL, framing its claims as a turnover action under 11 U.S.C. § 542. Eventide also filed a Notice of Enforcement, threatening to seize BPL's collateral.

BPL responded by filing motions to dismiss the adversary proceeding, compel arbitration, and stay the proceedings in favor of arbitration. Additionally, BPL sought relief from the automatic stay imposed by the bankruptcy filing to proceed with arbitration. The Bankruptcy Court denied BPL's motions, rejecting both the dismissal and the enforcement of arbitration rights.

Following the Bankruptcy Court's denial, BPL appealed the decisions and sought a stay of the adversary and main bankruptcy

proceedings. BPL argued that under the Federal Arbitration Act and the Supreme Court's precedent in *Coinbase, Inc. v. Bielski,* 599 U.S. 736 (2023), all lower court proceedings must be stayed pending resolution of the appeal on arbitrability. BPL contended that allowing the Bankruptcy Court to proceed would undermine the arbitration process.

Despite the stay request, Eventide continued its efforts to enforce the automatic stay under 11 U.S.C. § 362. Eventide filed motions in the Bankruptcy Court to enforce the stay and sought sanctions against BPL for allegedly violating the automatic stay by using its business assets, such as BPL's cash reserves, accounts receivable, and any other collateral specified in the LSA. The Bankruptcy Court abated Eventide's motions but did not dismiss them.

On May 14, 2024, this Court issued an order staying all proceedings in the Bankruptcy Court related to the disputes pending the resolution of BPL's appeal on the arbitration issue. Eventide subsequently filed the current Motion, seeking clarification or partial modification of the stay order, arguing that the stay should not apply to the main bankruptcy case proceedings and should be limited to the adversary proceeding. That Motion is ripe for the Court's review.

## LEGAL STANDARD

The Court has inherent authority to manage its docket and ensure the just and efficient resolution of disputes. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). Under Rule 54(b) of the Federal Rules of Civil Procedure, a court may revise an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This authority includes the power to reconsider and modify an order as justice requires. *Id.*

## ANALYSIS

The Court previously ordered that the stay requested by Big Picture Loans, LLC be granted pending appeal. *See* ECF No. 26. Eventide now requests the Court to clarify that the stay order applies only to the adversary proceeding and not to the main bankruptcy case. *See* ECF No. 29. Alternatively, Eventide seeks partial modification of the stay

order to limit its scope solely to the adversary proceeding. *Id*. Having considered Eventide's Motion, the Court concludes that its previous order was unclear as to whether it stayed only the adversary proceeding or also extended to the main bankruptcy case. The Court, therefore, considers whether its prior order should have stayed the adversary proceeding, the main bankruptcy case, or both, and concludes that the stay should apply solely to the adversary proceeding for the reasons stated below. The Court begins by discussing the scope of its jurisdiction to review appeals from the Bankruptcy Court and how that jurisdiction is implicated here.

### A. Jurisdictional Scope Under 28 U.S.C. § 158(a)

Eventide argues that the Court's appellate jurisdiction under 28 U.S.C. § 158(a) is limited to reviewing the order subject to the appeal and does not extend to other proceedings in the main bankruptcy case. *See* ECF No. 39 at 5. The Court agrees. Section 158 grants jurisdiction to this Court over appeals from interlocutory orders of the Bankruptcy Court, but this grant is strictly limited to the specific order appealed. *See* 28 U.S.C. § 158(a). Thus, the Court's jurisdiction extends only to the issue of arbitrability and the Court therefore lacks jurisdiction to stay the main bankruptcy case.

As an initial matter, Eventide correctly argues that subject matter jurisdiction can be raised at any time and that the Court has the authority to reconsider its interlocutory orders. *See* ECF No. 39 at 5–6. In *Sentry Ins. v. Morgan*, the Fifth Circuit reaffirmed that a lack of subject matter jurisdiction may be examined at any point in the proceedings. 101 F. 4th 396, 399 (5th Cir. 2024). The Court does so now.

In *Coinbase Inc. v. Bielski*, the Supreme Court held that an appeal of an order denying a motion to compel arbitration divests the lower court of jurisdiction over the aspects of the case involved in the appeal. 599 U.S. at 740 (An appeal, including an interlocutory appeal, "divests the district court of its control over those aspects of the case involved in the appeal" (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). But the main bankruptcy case encompasses a broader range of issues than the appeal before the Court, including the

3

enforcement of the automatic stay and the management of bankruptcy estate assets. *See* ECF No. 30 at 6–7. For that reason, Eventide seeks clarification that the Stay Order applies only to the adversary proceeding and not to the main bankruptcy case. *Id.* at 6.

The Court agrees that the Stay Order, based on the appeal of the arbitration issue, should not extend to unrelated matters in the bankruptcy proceedings. The Bankruptcy Court exercises original and exclusive jurisdiction over the bankruptcy case and property of the debtor's estate under 28 U.S.C. § 1334(e). The Bankruptcy Court's automatic stay under 11 U.S.C. § 362 protects Eventide's lien rights and assets, which are part of the bankruptcy estate. These matters fall squarely within the Bankruptcy Court's jurisdiction and are separate from the arbitration dispute. The Court therefore lacks jurisdiction to stay the main bankruptcy proceedings in the Bankruptcy Court.

## B. The Bankruptcy Court has Exclusive Jurisdiction over Eventide's Estate

BPL argues that the Court must stay the main bankruptcy proceedings too because enforcement of arbitration rights, the use of collateral, jurisdictional challenges, protection of business operations, and consistency with Supreme Court precedent necessitate a broad stay to ensure the integrity of the arbitration process and prevent conflicting rulings. *See* ECF No. 37 at 8. Its arguments are not persuasive.

Eventide's enforcement of the automatic stay and protection of its lien rights as a secured creditor are critical to the integrity of the bankruptcy process. The automatic stay prevents interference with the debtor's assets and ensures equitable treatment of creditors. The Bankruptcy Court's adjudication of these issues does not conflict with the appeal on the arbitration issue.

The Bankruptcy Court's authority under 11 U.S.C. § 362(a)(3) to protect the assets of the bankruptcy estate is essential for the orderly administration of the bankruptcy case. Extending the stay to these unrelated proceedings would undermine the Bankruptcy Court's ability to manage the bankruptcy estate effectively.

BPL failed to provide a jurisdictional basis for extending the stay beyond the adversary proceeding. *See* ECF No. 37 at 17–20. The Supreme Court's decision in *Coinbase* does not support a blanket stay of all proceedings in the bankruptcy case; it specifically contemplates a stay of litigation *directly* related to the arbitrability issue. *See* 599 U.S. at 740.

Moreover, Eventide's Motion is not an attempt to re-litigate issues already decided. Instead, it seeks to ensure that the Stay Order is appropriately tailored to the scope of the appeal. The automatic stay is a fundamental protection in bankruptcy law and its enforcement is crucial to preserving the status quo and protecting creditors' rights. *See In re Chesnut,* 422 F.3d 298, 301 (5th Cir. 2005) (Holding that an automatic stay is designed to protect creditors as well as debtors; without the stay, creditors might scramble to obtain as much property of the debtor's limited estate as possible, and the automatic stay prevents such a scramble by providing "breathing room" for a debtor and the bankruptcy court to institute an organized repayment plan. *See* 11 U.S.C.A. § 362(h)).

## C. The Issues Concerning Eventide's Rights are Outside the Scope of the Adversarial Proceedings

Eventide's rights as a secured creditor must be protected. The automatic stay under 11 U.S.C. § 362(a)(3) prevents BPL from using or disposing of Eventide's collateral. *See Chestnut,* 422 F.3d at 301. The Bankruptcy Court's jurisdiction over these issues remains intact and should not be hindered by the Stay Order related to the arbitration appeal. Eventide's brief highlights that the Enforcement Motion Eventide filed with the Bankruptcy Court pertains to the protection of its rights as a secured creditor, which is separate from the arbitrability dispute. *See* ECF No. 39 at 11. Eventide's lien rights and the application of the automatic stay are within the exclusive purview of the Bankruptcy Court. *See* 28 U.S.C. § 1334(e). Extending the stay to these proceedings would interfere with the Bankruptcy Court's jurisdiction and the proper administration of the bankruptcy case.

As Eventide notes, BPL's use of the collateral without making payments under the Note could jeopardize Eventide's secured interests. *See* ECF No. 39 at 12. The Bankruptcy Court must be allowed to enforce the Automatic Stay to prevent depletion of the bankruptcy estate's assets.

Eventide's argument is bolstered by the fact that the Bankruptcy Court has exclusive jurisdiction over matters related to the automatic stay and the administration of the bankruptcy estate. *See* 28 U.S.C. § 1334(e). This Court's Stay Order should not impede the Bankruptcy Court's ability to exercise its jurisdiction, and the Court makes clear that it has no intention of doing so.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Eventide's motion for clarification or partial modification of the Stay Order. The Stay Order is limited to the adversary proceeding and does not apply to the main bankruptcy case proceedings, including matters related to the enforcement of the automatic stay under 11 U.S.C. § 362.

Accordingly, the Court hereby **CLARIFIES** and partially **MODIFIES** its Stay Order dated May 14, 2024. ECF No. 26. The Stay Order shall apply only to the adversary proceeding between Eventide and BPL and not to any other matters in the main bankruptcy case. The Bankruptcy Court retains jurisdiction over the main bankruptcy case.

**SO ORDERED** on this **27th day of June 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE